UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JHW GREENTREE CAPITAL, L.P., and
TMI INTEGRATED HOLDINGS CORP.,
                           Plaintiffs,

      -against-                              **05 Civ. 2985 (HB)**
                                         **OPINION & ORDER**
WHITTIER TRUST CO. *as trustee of the Gerald G. Loehr*
*Separate Property Trust,* WILLIAM C. JOHNSON, *individually*
*and as trustee of the Gerald G. Loehr Separate Property Trust,*
TODD B. LOFTIS, and LINDA LOEHR,
                           Defendants.
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       On July 13, 2005, Defendant, Todd B. Loftis ("Loftis"), filed the instant motion to stay this civil action on the ground that he is currently under grand jury investigation in the Northern District of Texas. For the following reasons, Loftis's motion is DENIED.

## I.    DISCUSSION

       It is well settled that a court has the authority to stay an action pending criminal investigation. See e.g., Sterling Nat'l Bank v. A-1 Hotels Intern., Inc., 175 F. Supp. 2d 573, 575-6 (S.D.N.Y. 2001) (citation omitted); see also Kashi v. Gratos, 790 F.2d 1050, 1057 (2d Cir. 1986). It is also clear that a stay "is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation." Id. To determine whether a stay is appropriate, the following factors are generally considered:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.

S.E.C. v. Treadway, No. 04 Civ. 3464, 2005 WL 713826, at *2 - 3 (S.D.N.Y. Mar. 30, 2005) (citation omitted). In general, however, absent an indictment, a stay is an extraordinary remedy and disfavored. See In re Worldcom, Inc. Secs. Lit., No. 02 Civ. 3288, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002); Sterling Nat'l Bank, 175 F. Supp. 2d at 576.

       Here, an examination of the aforementioned factors indicates that a stay of the instant

1

proceeding is inappropriate.

First, Loftis has not been indicted. Absent indictment, the scope and nature of the criminal investigation is unknown. Thus, this Court cannot determine the extent to which an indefinite criminal case overlaps with a pending civil action. See Karimona Invs., LLC v. Weinreb, No. 02 Civ. 1792, 2003 WL 941404, at *2 (S.D.N.Y. Mar. 7, 2003) (noting that "[b]ecause there has been no indictment, and the scope of the purported criminal investigation is unknown, it is difficult to determine with precision the extent of overlap between this case and a potential criminal case"). As such, the first factor, "overlapping issues," advocates against granting a stay.

Second, while Loftis indicates that he has received a "target letter," as already discussed, he has not been indicted. While not dispositive, the difference between being a "target" of an investigation and indicted weighs significantly against the granting of a stay. See Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y.1995) ("[S]tays will generally not be granted before an indictment is issued."); Citibank v. Hakim, No. 92 Civ. 6233, 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) ("Although defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted. Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone."); In re Par Pharm., Inc. Sec. Litig., 133 F.R.D. 12, 14 (S.D.N.Y.1990) ("No indictments, however, have yet issued as a result of these investigations. The weight of authority thus counsels against granting a stay as to these defendants."). As such, the second factor, "status of the case," again favors denying Loftis's request for a stay.

Third, Plaintiffs, JHW Greentree Capital, L.P., and TMI Integrated Holdings Corp. ("Greentree"), argue a stay would frustrate a speedy resolution of this action. Greentree fears that the indefinite stay of this case would frustrate any real recovery should they succeed. See Sterling Nat'l Bank, 175 F. Supp. 2d at 579 ("It is unclear whether defendants have sufficient assets to permit any meaningful recovery, and permitting a further delay during which assets can be dispersed or hidden -- or called upon for the expensive business of defending a grand jury investigation and potential criminal litigation -- will increase the risks that plaintiff could succeed in the litigation, without being able to collect on any judgment."). Accordingly, the third factor, "Plaintiffs' interest," weighs indubitably against a stay.

Fourth, in stark contrast to the burden Greentree faces from a stay, the burden on Loftis of continuing this litigation is minimal. Oft times, the plaintiff in the civil case is merely a

2

machination of the movant in the criminal case -- the government -- and the defendant fears providing evidence to the government in the civil context that will be used against him in the criminal context. Here, however, that concern is greatly diminished if not eliminated. See Citibank, No. 92 Civ. 6233, 1993 WL 481335, at *2 ("Although the risk of prejudice to a civil defendant is heightened when the subject matter of the civil action parallels a pending criminal action . . . the potential for prejudice is diminished where, such as here, a private party, not the government, is the plaintiff in the civil action; it is less likely in such cases that the civil discovery process will be used as a cloak to conduct criminal discovery.") (citation omitted). The parties have agreed to stay oral discovery pending the resolution of Defendants' motions to dismiss and, as Loftis acknowledged, "other defendants, and third parties, not Mr. Loftis possess the bulk of documents which will provide evidence in this matter." (Loftis Br. at 9.) Accordingly, the fourth factor, "Defendant's interest," militates against granting a stay.

Fifth, the public interest in the administration of justice is served by preventing an indefinite delay of this civil proceeding. Therefore, the fifth factor, the "public's interest," favors denying Loftis's request for a stay.

Sixth, this Court's interest is in managing its cases and docket efficiently and resolving this litigation. See Sterling Nat'l Bank, 175 F. Supp. 2d at 580; Citibank, 1993 WL 481335, at *2 ("The convenience of the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run. . . ."). The parties have already agreed to a Pretrial Scheduling Order (Dckt. 24) and Defendants have submitted to Chambers a fully briefed motion to dismiss. A stay would indefinitely delay the resolution of this action and, therefore, the sixth factor, the "Court's interest," weighs against a stay.

Upon careful consideration of each factor, the Court finds that, on balance, the relevant considerations favor denying Loftis's motion for a stay of this civil action and proceeding with the instant action in accordance with the Pretrial Scheduling Order.

## II. CONCLUSION

For the aforementioned reasons, Loftis's motion to stay this civil proceeding is DENIED. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**
New York, New York
July 22, 2005

_____
U.S.D.J.